PER CURIAM:
On February 12, 1980, at approximately 7:00 p.m., the claimant’s automobile struck a hole in the westbound lane of State Route 10 near the Ellis Addition triangle in Logan County. The impact with the hole broke the front left rim, and permanently damaged the front left tire of the claimant’s 1987 Ford Merkur. The hole was described only as a large hole, approximately 50 feet after the stoplight at the intersection of Route 10 and Route 119. The claimant’s automobile struck the hole after claimant first stopped at the intersection and then proceeded at a speed between five to seven miles-per-hour. A certificate of insurance requested by the Court indicates that the claimant maintained full liability, collision, and comprehensive automobile insurance with Allstate. His collision and comprehensive deductibles as they appear on the certificate are in the amount of $250.00. The claimant requests reimbursement in the amount of $515.39, for the replacement of one tire, one rim, and an alignment. He testified that no claim for damages was turned in to Allstate.
*79 Th respondent denied any negligence and, more specifically, denied that it had notice of the existence of the defect in the road. A witness for the respondent, Hobart Adkins of the Logan County Highway Maintenance Office, testified that he recalled a problem with a particular hole in the area of the claimant’s accident, but neither this witness nor the claimant could identify with specificity the problem area.
The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to correct the road defect before the claimant’s accident. The record in this claim establishes that the respondent did not have prior notice of the defect in the road, and the claimant has failed to prove otherwise. The burden of proof is upon the claimant to demonstrate with a preponderance of the evidence that the respondent had actual or constructive notice of the road defect. That burden has not been met. The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the road defect, it must have had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). The Court is of the opinion that the requisite notice was not provided to respondent.
Accordingly, this claim must be disallowed.
Claim disallowed.